[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Eleanor Kimball appeals a decision of the defendant commissioner of social services, acting through a duly designated fair hearing officer, denying the plaintiff's application for certain Title XIX Medicaid benefits. The court finds in favor of the plaintiff and remands the case for further proceedings.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. At all relevant times, the plaintiff's husband has been institutionalized in nursing homes. The plaintiff initially requested the department to provide an assessment of their eligibility for Medicaid benefits in January 1992. The department responded, based on the financial information provided by the plaintiff. It indicated that the husband's half share of the marital assets would have to be spent down to the eligibility limit of $1600. The department did not, however, inform the plaintiff of the possibility that more of the husband's assets could be protected in order to CT Page 7084 provide additional income to the plaintiff.
Based on the department's assessment, the plaintiff spent assets in supporting her husband in the nursing home until, in 1993, their assets were at the level specified by the department. The plaintiff then applied for Medicaid benefits. The department reviewed the application and determined that the plaintiff and her husband were eligible as of March 1, 1993. The department's written memorandum of that determination is in the record of the fair hearing in this case.
The department never notified the plaintiff of its determination of eligibility for Medicaid. Instead, the plaintiff testified, the department told her in a telephone conversation that the application would be denied and advised her to withdraw the application. The plaintiff testified that she withdrew the application based on that advice. The only "evidence" in the record of this strange sequence of events, other than the plaintiff's testimony, is a typewritten summary prepared by a department staff member in preparation for the fair hearing. This summary indicates that the Kimballs had long term care insurance that was paying for the institutionalization and was the reason for the denial. The plaintiff testified that the insurance paid only a minuscule fraction of the cost of the nursing home.
In 1994, the Kimballs applied again for benefits and again withdrew the application on the advice of the department. The only evidence of this event is the department's summary.
Finally, in 1995, the Kimballs applied and the application was approved, with benefits to commence as of March 25, 1995. The plaintiff promptly notified the department that she disputed the eligibility date and requested a fair hearing.
At the administrative hearing, the hearing officer adamantly refused to consider the 1993 application for benefits and to rule on the plaintiff's eligibility as of that time. Instead, the hearing officer mechanically applied the Medicaid statutes and regulations to the plaintiff's 1995 application and affirmed the caseworker's determination of eligibility in 1995.
On Appeal, the plaintiff argues that she is entitled, under the circumstance of this case, to a full review of her eligibility, commencing with her earliest application. The court agrees. CT Page 7085
"Hearings before administrative agencies, . . . although informal and conducted without regard to the strict rules of evidence, must be conducted so as not to violate the fundamental rules of natural justice." (Citations and internal quotation marks omitted). Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 536 (1987). "Due process of law requires . . . that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." Id.
In the present case, the plaintiff had requested the fair hearing specifically for the purpose of contesting the March 1995 eligibility date. At that hearing, there was evidence indicating that the plaintiff was entitled to benefits as early as March 1993. The most compelling of this evidence was the department's own internal memorandum to that effect. The plaintiff was plainly entitled to a thorough review of her 1993 application and an explanation of the department's ultimate action on that application. If the plaintiff withdrew the application as a result of improper or inaccurate advice from the department, she should have the opportunity to raise that issue at the fair hearing. In summary, the plaintiff is entitled to a fair hearing on the subject of the Kimballs' eligibility for Medicaid benefits beginning with their first application. At the hearing, the department should produce what witnesses and evidence it has, rather than a self serving "summary," in support of its position. The court emphasizes that this conclusion is based on the particular and unusual facts of this case and the evidence that the plaintiff did not receive a full and fair hearing on the merits of her claims.
The plaintiff's appeal is sustained. Pursuant to the provisions of General Statutes § 4-183 (k), the case is remanded to the department. The department is ordered to conduct a new fair hearing in accordance with this decision and to render a new decision on the plaintiff's claim of eligibility for Medicaid benefits.
MALONEY, J.